Vincent A. Lupiano, J.
This is a motion by the plaintiff for a temporary injunction restraining the defendant from proceeding with two causes of action in the State of Delaware and from instituting and prosecuting any other action or proceeding which shall seek to prevent an arbitration of any dispute arising under the contract between the parties.
Plaintiff instituted an arbitration proceeding against the defendant by demand on December 4, 1957 and this action *118 came before the court when the order to show cause, dated December 4, 1957, was granted. The defendant instituted an action in Delaware on December 6, 1957 for breach of contract and another action on December 10, also in Delaware, for a permanent injunction restraining arbitration. These actions are now pending.
Unquestionably, there is involved in this action and in the two Delaware actions the same contract of November 25, 1955, as modified by the writings dated February 9, 1956 and February 24,1956. The contract was made in New York, to be performed in New Jersey, and seemingly has some contact in Pennsylvania. Plaintiff is a Delaware corporation authorized to do business in the State and has an office here; the defendant is a Maryland corporation similarly authorized to do business in this State, with an office here. The contract in suit contains the following provision: “XVI. intent — Except as may be otherwise specifically provided in this contract, all disputes concerning questions arising hereunder shall be decided by arbitration carried on pursuant to the rules of the American Arbitration Association and the determination of the arbitrators in such arbitration shall be binding upon the parties hereto and the award of such arbitrators may be enforced in any forum having jurisdiction of the parties or of the subject matter of this contract. ’ ’
In its second action instituted in the State of Delaware, and on this motion, the defendant alleges that the parties are in basic disagreement as to whether there is valid basis for arbitration of the disputes existing between them. In opposing arbitration, the defendant argues that the arbitration clause contained in the contract differs from the standard arbitration clause recommended by the American Arbitration Association; that at the time of the making of the contract the defendant was not represented by counsel, whereas the plaintiff was; that the arbitration provision was inserted in the contract with the understanding that it was intended to cover disputes of the type which sometimes arise during the performance of a cost-fixed fee construction contract, and was not intended for a dispute of the magnitude envisioned under the alleged demand for arbitration which appears to cover the whole performance and performance obligation of the defendant. With this I cannot agree. The arbitration provision appears to be on its face clear and explicit; furthermore, there is no allegation of mistake or fraud on the part of the plaintiff.
Defendant contends further that under the laws of Delaware, where the defendant’s actions are pending, the courts there will *119 not force the parties to proceed with arbitration where their differences are the subject of court actions. This argument lacks merit; moreover, the defendant does not urge that the laws of Delaware are applicable in the interpretation and construction of the arbitration provision.
By virtue of the demand for arbitration, a special proceeding was commenced (Shine’s Restaurant v. Waiters and Waitresses Union, Local No. 1, 113 N. Y. S. 2d 315; Hall v. Sperry Gyroscope Co., 130 N. Y. S. 2d 505), and by virtue of the order to show cause this action was before the court, all before the filing of the summons and the institution of the actions in the State of Delaware. In these circumstances, it is strange that the defendant urges that by reason of the laws of the State of Delaware with respect to compelling arbitration, where the differences are the subject of court actions, plaintiff’s action “ constitutes a bare-faced case of shopping for a favorable forum.” It would seem that the shoe fits the other foot. Additionally, defendant could have moved here to stay arbitration.
The motion is granted accordingly. Settle order, at which time suggestions as to the amount of bond will be received.